IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**HUNTINGTON DIVISION**

**DELTON SHANE COLLINS,**

       **Plaintiff,**

**v.**                                     **Case No. 3:26-cv-00207**

**WAYNE COUNTY SHERIFF'S OFFICE,**
**and ARRON FARLEY,**

       **Defendant.**


**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court are Plaintiff's Application to Proceed Without Prepayment of Fees and Costs and Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 2). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 4).

## I.    Procedural History

On March 18, 2026, Plaintiff, acting *pro se,* filed an Application to Proceed Without Prepayment of Fees and Costs and a Complaint pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 2). The undersigned entered an Order on March 20, 2026, explaining that the Complaint failed to state a viable claim for relief as pled and directing Plaintiff to file an amended complaint within thirty days curing the deficiencies identified in the Order. (ECF No. 5). The undersigned stated, among other things, that the Complaint did not

provide a clear and coherent statement of the facts giving rise to Plaintiff's claims; that Plaintiff named the "Wayne Co. Sherrif Dep" as a defendant but alleged no act or omission by that entity and no policy or custom sufficient to state a claim against a governmental entity; and that the Complaint did not clearly identify the constitutional basis for the alleged use-of-force claim or provide sufficient factual detail to support it. (*Id.*).

Plaintiff was expressly advised that his failure to file an amended complaint within the time allowed may result in a recommendation that this action be dismissed for failure to state a claim. (ECF No. 5). More than thirty days have elapsed since entry of the Order, and Plaintiff has not filed an amended complaint or otherwise responded to the Court's directive.

## II.    **Applicable Law**

Federal Rule of Civil Procedure 41(b) permits dismissal of an action when a plaintiff fails to prosecute or fails to comply with a court order. The Supreme Court has recognized that district courts possess the inherent authority to dismiss actions for failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962). Additionally, Local Rule of Civil Procedure 41.1 provides that, when it appears that a plaintiff is not prosecuting an action with reasonable diligence, the judicial officer may give notice that the action will be dismissed unless good cause for its retention on the docket is shown. In the absence of good cause, the court may dismiss the action. *Id.*

Courts within this district routinely apply Rule 41(b) and Local Rule 41.1 to dismiss actions when a plaintiff fails to comply with an order directing the plaintiff to file an amended complaint. *See, e.g., Mayes v. Kenova Police Dep't*, No. 3:21-cv-00499, 2022 WL 453749, at *1-2 (S.D.W. Va. Jan. 25, 2022); *Duty v. Runyon*, No. 3:21-cv-00420, 2021 WL 6066677, at *1-2 (S.D.W. Va. Dec. 2, 2021); *Hammond v. Primcare*, No. 3:20-cv-

00795, 2021 WL 2168908, at *1-3 (S.D.W. Va. May 3, 2021).

### III.    Discussion

Plaintiff was provided a clear explanation of the deficiencies in the Complaint and was afforded an opportunity to cure those deficiencies by filing an amended complaint. He was expressly warned that failure to do so may result in a recommendation of dismissal. Yet, Plaintiff did not file an amended complaint and has not otherwise communicated with the Court since entry of the March 20, 2026 Order.

The Court also considered the factors relevant to dismissal for failure to prosecute. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). Plaintiff is personally responsible for the failure to comply with the Court's Order. Plaintiff was explicitly warned that failure to amend could result in dismissal. A lesser sanction would not be effective where Plaintiff has ignored the Court's directive and taken no action to prosecute the case. Under these circumstances, dismissal is appropriate. Considering the fact that Plaintiff is proceeding *pro se* and the Court has not reached the merits of his claims, the undersigned concludes that dismissal without prejudice is the appropriate disposition.

### IV.    Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court:

1. **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), as moot;

2. **DISMISS** Plaintiff's Complaint, (ECF No. 2), without prejudice, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule of Civil Procedure 41.1; and

3. **REMOVE** this action from the Court's docket.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to 28 U.S.C. § 636(b) and Rules 6(d) and 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court specific written objections identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by Judge Chambers for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to opposing parties, Judge Chambers, and the undersigned.

The Clerk is directed to provide a copy of this "Proposed Findings and Recommendations" to counsel of record and any unrepresented party.

**FILED:** April 22, 2026

_____

Joseph K. Reeder
United States Magistrate Judge

4